IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH HILL, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0456-WS-C |
| ) | |
| **FEDEX GROUND PACKAGE SYSTEM,** ) | |
| **INC., etc.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

The defendant removed this action on the basis of diversity of citizenship. (Doc. 1). Although the plaintiffs have not filed a motion to remand, federal courts are of limited jurisdiction, and this Court has an independent and continuing obligation to confirm its subject matter jurisdiction, even when the parties do not question its existence. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 409, 411 (11th Cir. 1999); *accord Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

The complaint consists of three counts for breach of contract. Count One alleges that the defendant breached a contract with plaintiff Kenneth Hill. Count Two alleges that the defendant breached a second contract with Kenneth Hill. Count Three alleges that the defendant breached a contract with plaintiff Stepheny Hill. The complaint contains no specific monetary demand. (Doc. 1, Exhibit A).

"[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Because the plaintiff has made an unspecified demand for damages, the *Tapscott* standard applies here. Under *Tapscott,* the defendant must show that, if the plaintiff prevails on

liability, she will more likely than not be awarded over $75,000.[1]

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The amount in controversy is not apparent from the face of the complaint, because there is no way to determine from it whether the plaintiffs' losses are so great as to make it more likely than not that, if successful, they will be awarded over $75,000.  The Court thus looks to the notice of removal.

The defendant states it is able to calculate, from the parties' agreements and its records, what the plaintiffs can potentially recover.  With respect to Count One, that amount is $8,317.50; with respect to Count Two, it is $47,200.21; and with respect to Count Three, it is $22,531,72.  (Doc. 1, ¶ 4).  Adding these figures, the defendant concludes that the "aggregate amount in controversy" is $78,049.43.  (*Id*.).

Thus, the defendant admittedly can attain the jurisdictional threshold only by adding together the amount Kenneth may recover under his two contracts with the amount Stepheny may recover under his separate contract.  The rule, however, is that "[w]e do not aggregate the value of multiple plaintiffs' claims to satisfy the amount in controversy

---

[1] *E.g., Hitch v. Laws*, 2000 WL 1005888 at *2 (S.D. Ala. 2000)("Defendants can discharge the burden 'by presenting sufficient evidence that a verdict rendered in favor of [plaintiffs] would exceed $75,000.'") (quoting *Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999); *accord Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998)("In a diversity action where the plaintiff has not made a specific request for damages, the ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite.").

requirement simply because they are joined in a single lawsuit," but only when the plaintiffs "'unite to enforce a single claim or right, in which they have a common and undivided interest.'" *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 974 (11th Cir. 2002) (quoting *Zahn v. International Paper Co.*, 414 U.S. 291, 294 (1973)); *accord Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1198 n.31 (11th Cir. 2007) ("Section 1332(a)'s amount in controversy requirement does not allow the claims of multiple plaintiffs to be aggregated to reach the jurisdictional threshold."); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1280 (11th Cir. 2001) (aggregation requires "a unified, indivisible interest in some common fund"). These plaintiffs have not united to enforce a single claim or right but to enforce their separate contracts. *See Leonard*, 279 F.3d at 974 (claims based on each plaintiff's "individual rental agreement(s)" could not be aggregated). Accordingly, the value of their claims cannot be aggregated.

By the defendant's admission, neither Kenneth nor Stepheny has as much as $75,000 in controversy in this action. Since neither plaintiff satisfies the amount in controversy, subject matter jurisdiction is lacking and the case must be remanded.

For the reasons set forth above, this action is **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 28th day of July, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE